R. EMMET O'MALLEY, Superintendent of the Insurance Department of the State, Appellant, v. CONTINENTAL LIFE INSURANCE COMPANY, Defendant, FRANK PACE, Intervener-Respondent.—121 S. W. (2d) 850.

Division One, November 19, 1938.

·James P. Aylward, James A. Waechter, Courtney S. Goodman, Roberts P. Elam, and Frank P. Aschemeyer for appellant.

,Sullivan, Reeder & Finley for respondent.

HYDE, C.—This case, recently reassigned to the writer, is (like O'Malley v. Continental Life Insurance Company, Theodore Rassieur, Intervener, 343 Mo. 382, 121 S. W. (2d) 834, decided concurrently herewith) an intervening petition for attorneys' fees in a proceeding under the Insurance Code by the Superintendent of Insurance for the liquidation of the Continental Life Insurance Company. When the court found for the Superintendent of Insurance and directed liquidation of the company, Frank Pace, who was one of the attorneys for the company, filed an intervening petition asking for an attorney fee allowance of $25,000, and for $1017.38 for expenses. The court entered an order allowing him a $5000 fee, and expenses, and directed the payment of the same from the assets of the company as a preferred claim. Intervener appealed from the order, contending that this allowance was inadequate. The superintendent also appealed from the order, and contends that no allowance should be made.

This case is based on the same record and must be ruled on the same facts as the Rassieur case, since a preferred allowance for attorney fees and expenses in the dissolution suit was claimed on the same theory as in that case. Therefore, our ruling in the Rassieur case is decisive of this case. We hold that Mr. Pace is not entitled to have his claim against the insurance company preferred over those of other creditors.

The judgment is reversed. Ferguson and Bradley, CC., concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except Lucas, J., not sitting.

412

HYDE, C.—The motion filed herein states:

"There should be a rehearing of this case because:

"(a)  The maladministration of Mr. Mays alone would properly and probably have been met by his removal;

"(b)  His misconduct did not have any tendency to show the company to be insolvent, or to show that its contrary contention was advanced *mala fide;*

"(c)  Indignation, howsoever well founded, at the things he had done, should not serve to obscure the real issue, which was and is whether the defense of the action which he caused to be made was based on an honest belief that the company was solvent; and

"(d)  Finally, the finding of the trial judge, who heard both the original trial and these applications, on that precise issue should be given the weight that settled rules of decision demand."

We did not hold in this case, or in the Rassieur case, No. 34921, 343 Mo. 382, 121 S. W. (2d) 834, decided concurrently herewith, in which we stated the facts applicable to both cases, that a preferred allowance must be refused for the defense of the dissolution suit merely because Mays was guilty of misconduct which was ground for his removal. Neither did we hold that such allowance must be denied merely because the court found that the company was actually insolvent. (The trial court did so find and so do we.) What we did hold was not only that it was insolvent but also that no one, knowing everything that Mays and his directors knew about the Insurance Company and what they had done with it and to it, could have had *reasonable grounds to believe that it was solvent.* We reached this conclusion because we found that there was no reasonable basis for belief that anything but a reorganization with actual new cash invested could have saved the Insurance Company, or either of the banks interlocked with it, from liquidation and dissolution, and that Mays and his directors knew they did not have this necessary money; and also because we further found that there was no reasonable grounds for belief that they could get it, having already sucked dry available sources by borrowing beyond reasonable and even legal limits with such disastrous results. Perhaps Mays nevertheless still sincerely believed that he was a miracle man who could do it. The learned trial chancellor in an able and comprehensive statement of facts did find that Mays believed he could save the company and keep it in business. However, the trial court did not specifically pass upon the question of whether there were reasonable grounds for such belief, and, if he had, in an equity case we should consider such finding

with due deference but *de novo*. Our conclusion from the evidence is that no such reasonable grounds did exist.

The motion for rehearing is overruled.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All concur, except *Lucas, J.*, not sitting.